## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. 20-cv-6023-LAK** |
| Plaintiff, | **JOINT RULE 26(f) REPORT AND PROPOSED CASE MANAGEMENT PLAN** |
| v. | |
| YELLOWSTONE CAPITAL LLC, *et al.* | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), "parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Rule 16(b) requires that a scheduling order be issued within the "earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Defendants in this matter appeared on August 5, 2020, and as a result, pursuant to Rule 16(b), a scheduling order is due on October 5, 2020.  As such, pursuant to Rule 26(f), the parties are required to confer 21 days prior to October 5, 2020, so they must confer by September 14, 2020.

The Federal Trade Commission ("FTC") and Yellowstone Capital LLC; Fundry LLC; Yitzhak D. Stern, a/k/a Isaac Stern; and Jeffrey Reece (collectively, "Defendants"), through their respective counsel, held the conference required by Rule 26(f) of the Federal Rules of Civil Procedure via telephone on September 11, 2020 and exchanged communications thereafter.  The parties now submit their Rule 26(f) Report as follows:

1. **Fed. R. Civ. P. 26(f)(3)(A)**: *Initial Disclosures*.

The parties do not believe that any changes in the form or requirements for the

disclosures under Rule 26(a)(1)(A) are necessary.

**FTC's Position:**

The FTC does not believe that a stay of discovery is warranted and plans to oppose Defendants' anticipated motion to stay discovery pending resolution of Defendants' anticipated motion to dismiss.  The FTC proposes that the initial disclosures be exchanged by October 26, 2020.

**Defendants' Position:**

Defendants' position is that discovery should be stayed pending resolution of the motion to dismiss it intends to file on October 2, 2020.  Defendants plan to move for a stay of discovery concurrently with its motion to dismiss.  Defendants propose that the parties exchange initial disclosures 10 days after the Court issues a decision on Defendants' motion to dismiss, if the Court does not grant Defendants' motion in its entirety.

2. **Fed. R. Civ. P. 26(f)(3)(B)**: *Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues.*

**FTC's Statement of Issues Requiring Discovery:**

i. Defendants are violating Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), in connection with their small business financing activities.

ii. Defendants make false or misleading claims that have represented, directly or indirectly, expressly or by implication, that Defendants require no collateral and require no personal guarantee from business owners.  Discovery should focus on any marketing, advertising, or other representations made by Defendants containing these claims, as well as on the falsity or misleading nature of the claims.

iii.   Defendants make false or misleading claims that consumers will receive a specific amount of financing.  Discovery should focus on any marketing, advertising, or other representations made in contracts or elsewhere by Defendants containing these claims, as well as on the falsity or misleading nature of the claims.

iv.   Defendants withdraw money from consumers' bank accounts in amounts in excess of consumers' authorization without the express informed consent of consumers. Discovery should focus on unauthorized withdrawals made by Defendants from consumers' bank accounts.

v.   Defendants Yellowstone Capital LLC and Fundry LLC ("Corporate Defendants") operate as a common enterprise while engaging in the unlawful acts and practices alleged in the Complaint.  Discovery should focus on the ways in which these Corporate Defendants acted as a common enterprise.

vi.   Defendants Yitzhak D. Stern, a/k/a Isaac Stern, and Jeffrey Reece ("Individual Defendants") have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants.  Discovery should focus on each Individual Defendant's involvement in the business activities of the Corporate Defendants.

vii.   Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  Discovery should focus on the consumer injury caused by Defendants' violations of the FTC Act.

viii.   Discovery should focus on any affirmative defenses raised by the Defendants.

ix.   Discovery is permitted on any other matters within the scope of Federal Rule of Civil Procedure 26(b)(1).

**Defendants' Statement of Issues Requiring Discovery:**

Defendants anticipate that, if their motion to dismiss the Complaint is not granted, discovery will be needed regarding the parties' respective claims and defenses, including regarding:

i.     the time period during which Defendants purportedly engaged in any of the conduct alleged in the Complaint;

ii.    the potential for recurrence of any of the conduct alleged in the Complaint;

iii.   the statutory basis for the scope of the FTC's authority over the facts and circumstances presented in these proceedings;

iv.    the substance, basis, legitimacy, and authority of the FTC's receipt or collection of certain evidence;

v.     the basis for the FTC's allegations that Defendants Yellowstone Capital LLC and Fundry LLC operated as a common enterprise;

vi.    the basis for the FTC's claim (Count I) pertaining to alleged "misrepresentations regarding collateral and personal guarantees;"

vii.   the basis for the FTC's claim (Count II) pertaining to alleged "misrepresentations regarding financing amount;"

viii.  the basis for the FTC's claim (Count III) pertaining to alleged "unfair unauthorized withdrawals;"

ix.    all Defendants' defenses to the FTC's allegations, including discovery from merchants, other merchant cash advance companies, other companies involved in

         providing services in the merchant cash advance industry, and/or industry

         organizations and advocates; and

x.      defenses to Defendants Stern and Reece's alleged individual liability.

***

**FTC's Position on Discovery Schedule:**

<u>Discovery Schedule:</u>  Eight months is sufficient time to conduct fact discovery in this matter.  The FTC's three-count Complaint alleges relatively straight-forward facts:  Defendants have falsely claimed in their advertisements that their financing products do not require collateral or personal guarantees; Defendants have falsely claimed that consumers will receive a specific amount of funding from Defendants; and Defendants have taken systematic unauthorized withdrawals from consumers' accounts.  The FTC believes that the facts and data supporting each count are largely within Defendants' possession, custody, or control, and that discovery can be conducted efficiently.  In fact, the FTC's proposed 8-month fact-discovery period is longer than those ordered in other recent agency lawsuits.  *See, e.g., FTC v. Lead Express*, No. 20-cv-00840, ECF No. 70 (D. Nev. Aug. 11, 2020) (less than 6 months); *FTC v. iBackpack*, No. 9-cv-00160, ECF No. 20 (S.D. Tex. Aug. 14, 2019) (less than 6 months).

During the parties' discussions regarding the drafting of this Report, Defendants have made several informal requests for discovery regarding aspects of the FTC's investigation, as Defendants state below.  The FTC likely will provide that information in response to discovery requests, which Defendants are free to serve now that the parties have held their Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d)(1).  However, Defendants plan to seek a complete stay of their own discovery obligations pending resolution of their anticipated motion to dismiss, and

5

they take issue with the fact that the FTC has served its initial discovery requests, in compliance with the Rules.  Thus, it appears that Defendants' requests are simply an effort to obtain one-sided discovery.

With the exception of separating fact discovery from expert discovery (per the proposed schedule below), the FTC does not believe discovery should be phased.

Discovery in light of the upcoming Supreme Court decision.  The FTC is eager to begin discovery and anticipates that the parties will meet and confer on a range of issues over the course of the litigation.  Defendants have flagged one issue in particular:  the "appropriate scope and timing" of unidentified discovery pending resolution of two consolidated matters currently before the Supreme Court, *AMG Capital Management LLC v. FTC* and *FTC v. Credit Bureau Ctr.* (consolidated into No. 19-508) ("*AMG*"), the outcome of which Defendants state may "render[] unnecessary" "certain discovery in this case."

While the FTC will not pre-judge its response to a more concrete proposal, the premise of Defendants' hinted-at proposal is mistaken.  The only question presented in *AMG* relates to whether the FTC can obtain equitable monetary relief under Section 13(b) of the FTC Act.  *See* Cert. Pet. at i, *AMG Capital Mgmt v. FTC*, No. 19-508 (U.S. Oct. 18, 2019).  To the extent that Defendants believe that *AMG* might moot discovery into issues of consumer injury or Defendants' financial records, that is not the case for at least three reasons.  First, Count III—that Defendants made unauthorized withdrawals from consumer accounts—alleges an unfair practice under Section 5(n) of the FTC Act, which requires the FTC to show that the practice "causes or is likely to cause substantial injury to consumers."  15 U.S.C. § 45(n).  Second, the FTC seeks injunctive relief for each of its claims, and "the degree of consumer harm" may be relevant to the propriety of injunctive relief.  *F.T.C. v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 323

(S.D.N.Y. 2008).  Third, consumer injury and other financial information may be relevant to the

Individual Defendants' individual liability for the conduct at issue.  *See, e.g.*, *FTC v. Ross*, 897 F.

Supp. 2d 369, 383-84 (D. Md. 2012), *aff'd*, 743 F.3d 886 (4th Cir. 2014) (that defendant received

profits of scheme supports finding that she had authority to control deceptive acts).  Thus, the

FTC will require fact discovery on the nature and scope of the monetary loss and other forms of

consumer injury.

Plaintiff proposes the following schedule:

| Event | Date |
|---|---|
| Amendment of pleadings deadline | 30 days before the end of fact discovery |
| Fact discovery ends | 8 months after entry of scheduling order |
| Expert reports due | 2 weeks after close of fact discovery |
| Expert depositions deadline | 45 days after expert report |
| Responding expert report due | 2 weeks after expert depositions deadline |
| Responding expert depositions deadline | 45 days after responding expert report |
| Deadline for Dispositive Motions | 60 days after close of expert discovery |
| Opposition to Dispositive Motions | 60 days after filing of dispositive motions |
| Replies in Support of Dispositive Motions | 15 days after filing of oppositions to dispositive motions |
| Hearing on Dispositive Motions | To be determined by the Court |
| Trial | To be determined by the Court |

**Defendants' Position on Discovery Schedule:**

Fact Discovery Deadline.  The parties are in agreement with respect to the discovery

deadlines in the table above except that Defendants believe that the FTC's proposed fact

discovery period of eight months is far too short.  Unlike the FTC, Defendants have not had the

benefit of any pre-suit discovery.  If their motion to dismiss is not granted in its entirety,

Defendants will know more about the necessary scope of third-party discovery in this case upon

receipt of the FTC's initial disclosures and as the case progresses, but, at a minimum, the FTC's

Complaint includes allegations concerning at least 10 merchant interactions as part of the basis

for its claims, and Defendants are entitled to explore the underlying facts in discovery.

Defendants also anticipate the need for third-party discovery with respect to certain of the FTC's

claims, separate and apart from the alleged merchant situations.  To that end, Defendants asked

the FTC to indicate whether it conducted investigational hearings in connection with its pre-suit

investigation and to provide the number of merchants, other merchant cash advance providers,

and other non-parties from which the FTC gathered factual information during its pre-suit

investigation, to help Defendants estimate the scope of anticipated third-party discovery.  The

FTC declined to provide the requested information, stating that Defendants seek informal one-

sided discovery.  Defendants were the subjects of a nearly two-year pre-suit investigation by the

FTC in which they produced more than 24,000 pages of documents and more than 1400 audio

recordings, and responded in writing to numerous interrogatories and follow-up inquiries from

the FTC.  Defendants are not currently seeking discovery from the FTC.  They do not seek the

identity of any third parties with whom the FTC communicated, but just the number of such third

parties, as that information would provide Defendants a more informed view on issues to be

addressed in this report.

Further, in contrast to the FTC's statement that this is a straightforward matter for which

eight months of fact discovery is sufficient, the FTC has already propounded extensive document

requests on Defendants, seeking a wide array of documents and communications going back to at

least January 1, 2015, notwithstanding that the FTC had previously been informed of the

Defendants' intent to file motions to dismiss the Complaint and for a stay of discovery pending

disposition of their motion to dismiss.

Based on the information available to Defendants, they believe a 14-month discovery period, similar to what the FTC has agreed to in other litigations of comparable complexity involving the same or similar industry, is appropriate here.  *See, e.g.*, Joint Rule 26(f) Report & Case Management Statement at 9, *Fed. Trade Comm'n v. LendingClub Corp.*, No. 3:18-cv-02454 (N.D. Cal. Sept. 20, 2018), ECF No. 48 (14 months between initial disclosures and close of fact discovery); *see also* Joint Rule 26(f) Report and Proposed Case Management Plan at 5, *Fed. Trade Comm'n v. RCG Advances, LLC*, No. 20-cv-4432 (LAK), ECF No. 27 (S.D.N.Y. Aug. 7, 2020) (12 months for fact discovery after entry of a scheduling order).

The cases that the FTC points to as having had discovery periods of less than six months are not applicable.  Both sides agreed to a fact discovery period of less than six months in *FTC v. Lead Express*, No. 20-cv-00840 (D. Nev. Aug. 11, 2020), and that case was in a different posture from the present action, as the *Lead Express* parties had stipulated to a preliminary injunction prior to their agreement on the discovery schedule.  *FTC v. iBackpack*, No. 19-cv-00160 (S.D. Tex. Aug. 14, 2019), meanwhile, involved only one *pro se* individual defendant (along with a corporate defendant that appears to have defaulted).

Possible Meet and Confer on Discovery Scope and Timing in Light of *Credit Bureau.* The Supreme Court plans to hear and determine the question of whether ancillary, non-injunctive remedies, including disgorgement and other monetary relief, are available in a Section 13(b) action brought by the FTC next term.  *See FTC v. Credit Bureau Ctr*., No. 19-825, -- S. Ct. --, 2020 WL 3865251, at *1 (U.S. July 9, 2020).

As noted above, Defendants plan to move to stay discovery pending disposition of Defendants' motion to dismiss, because (among other reasons) the need for discovery may be partially or entirely obviated by a ruling on Defendants' motion to dismiss.  If Defendants'

motion to dismiss is not granted in its entirety, however, Defendants propose that the parties thereafter meet and confer to discuss the appropriate scope and timing of discovery in light of the Supreme Court's forthcoming decision in the *Credit Bureau* case.  Should the Supreme Court rule that ancillary relief is not available under Section 13(b), certain discovery in this case will be rendered unnecessary.

3. **Fed. R. Civ. P. 26(f)(3)(C):** *Issues about disclosure, discovery, or electronically stored information.*

   The FTC has taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case.  Defendants have also taken steps to ensure the preservation of any electronically stored information that is relevant to any claim or defense at issue in this case.

4. **Fed. R. Civ. P. 26(f)(3)(D):** *Issues about claims of privilege or of protection as trial-preparation materials.*

   The parties plan to confer and negotiate an agreed-upon procedure for producing privilege logs.  The parties also plan to work together to address any issues that arise relating to assertions of privilege.

   The parties reserve the right to request protective orders covering other categories of information, either through stipulation or motion, should they deem it necessary during the course of this matter.

5. **Fed. R. Civ. P. 26(f)(3)(E):** *Proposed changes to the discovery limitations imposed under the federal and local rules of civil procedure.*

   **FTC's Position:**

   The FTC is not requesting any modifications at this time, but does not oppose Defendants' request to increase the number of depositions from 10 to 12.  As with other issues related to discovery, the FTC may request additional depositions later in discovery if the

circumstances warrant.

**Defendants' Position:**

As noted, the FTC's Complaint alleges at least 10 merchant interactions, and Defendants also intend to pursue fact discovery from necessary third-parties to enable the Defendants to adequately prepare a defense; but also, as noted, the FTC has declined to provide Defendants with basic information that might better inform them of the number of depositions of such third parties that Defendants may need to pursue.  Based on the information currently available to them, Defendants request a modest increase in the number of depositions allowed per side, from 10 to 12, subject to further evaluation upon receipt of the information Defendants requested from the FTC.  The FTC noted that it does not oppose Defendants' initial proposal of an increase in the number of depositions from 10 to 12, but that it also reserves its rights to request an increase in the number of depositions in the event that developments during the course of the case indicates that such is warranted.  Defendants likewise agree with this reservation of rights, and similarly assert the same position.

***

To the extent that any other deviations from limits to discovery become necessary, the parties will seek leave of court.

6. **Fed. R. Civ. P. 26(f)(3)(F)**: *Any other order that the Court should issue under Rule 26(c) or Rules 16(b) and (c) of the Federal Rules of Civil Procedure.*

The parties intend to negotiate a protective order under Rule 26(c).  The parties also may request additional such orders, through stipulation or motion, should any party deem it necessary during the course of this matter.

7.  **Fed. R. Civ. P. 26(f)(2):** *Possibility of settlement.*

The parties certify they have discussed the nature and basis of their claims and defenses

and the possibilities for promptly settling or resolving the case.

Dated:  September 25, 2020

Respectfully Submitted,

*/s/Evan R. Zullow*
EVAN R. ZULLOW
THOMAS C. KOST
CHRISTOPHER B. LEACH
IOANA R. GORECKI
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
ezullow@ftc.gov
(202)-326-2914

Attorneys for Plaintiff

*/s/ Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
Tel.: (202) 416-6800
condeck@proskauer.com
schuk@proskauer.com

David A. Picon
Tiffany M. Woo
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
Tel.: (212) 969-3000
dpicon@proskauer.com
twoo@proskauer.com

Attorneys for Defendants