Case 1:20-cv-06023-LAK Document 26 Filed 10/19/20 Page 1 of 3

**Proskauer»** Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

**MEMO ENDORSED**

October 2, 2020

Christopher E. Ondeck
Member of the Firm
d +1.202.416.5865
f 202.416.6899
condeck@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 21B
New York, New York 10007

Re: *Federal Trade Commission v. Yellowstone Capital, LLC, et al.*, 20-cv-6023 (S.D.N.Y.)
<u>Letter Motion to Stay Discovery Pending Disposition of Defendants' Motion to Dismiss</u>

Dear Judge Kaplan:

On behalf of all Defendants in the above-captioned matter, we write to respectfully request that the Court stay discovery pending resolution of Defendants' motion to dismiss the Complaint of the Federal Trade Commission ("FTC"). Defendants filed their opening brief in support of their motion to dismiss earlier today. Dkt. 18. Defendants' motion makes substantial arguments that the FTC's claims are unmeritorious and, if granted in whole or in part, could at a minimum drastically change the scope of discovery in this case. Defendants conferred with the FTC concerning Defendants' proposed motion for a stay at the parties' September 11, 2020 Rule 26(f) conference. The FTC does not consent to a stay. The specter of the imposition of discovery is not a mere hypothetical; the FTC has already propounded broad discovery requests on Defendants, even prior to Defendants' submission of their potentially dispositive motion. On the other hand, a modest stay of discovery would not prejudice the FTC, which has had the benefit of voluminous discovery during its multi-year pre-suit investigation.

Courts consider three factors in determining whether to exercise their discretion to stay discovery under Rule 26(c) during the pendency of dispositive motions: (1) the strength of a defendant's showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. *See Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 4, 2015); *Spinelli v. Nat'l Football League,* No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). As explained below, Defendants have demonstrated good cause that all three factors weigh in favor of a short stay of discovery.

First, Defendants' motion to dismiss identifies numerous fatal flaws in the FTC's Complaint and could dispose of all claims. As set forth in further detail in Defendants' motion to dismiss, the FTC has failed to allege a necessary predicate for invoking its authority under Section 13(b) of the FTC Act. The FTC must (but did not) allege that each Defendant "is violating, or is about to violate" the law. Perhaps for good reason, the FTC has not pleaded that any of the conduct challenged is ongoing or "about to" occur, as Section 13(b) requires. The Complaint also fails to

Honorable Lewis A. Kaplan
October 2, 2020
Page 2

allege sufficient factual material under the *Iqbal/Twombly* standard to state a plausible claim for relief on any of its three alleged Counts or on its claim for individual liability against Defendants Stern and Reece.[1] In addition, any non-injunctive, ancillary relief that the FTC seeks should be dismissed, as Section 13(b) expressly authorizes only injunctive relief as a remedy—a principle the Third and Seventh Circuits recently recognized and that the Supreme Court will consider next term. *See generally* Dkt. 18. Thus, Defendants satisfy the first factor for a stay of discovery because their pending motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law." *Negrete*, 2015 WL 8207466, at *1 (granting stay where defendants' pending motion to dismiss raised "several potentially viable defenses to the Complaint," including identifying pleading insufficiencies); *accord Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'").

The second factor—the "breadth of discovery and the burden of responding to it"—also favors granting a short stay of discovery. Courts in this district recognize that a stay pending disposition of a motion to dismiss is appropriate where discovery "is likely to be broad and significant." *See, e.g., Spinelli*, 2015 WL 7302266, at *2. The allegations in the FTC's Complaint appear to implicate discovery regarding thousands of merchants as well as advertisements, contracts, policies, and billing information dating back to at least 2015. *See, e.g.*, the FTC's Complaint, annexed as Exhibit 1 to the accompanying Declaration of Stephen Chuk in Support of Defendants' Letter Motion to Stay Discovery ("Chuk Decl."), ¶ 22 (discussing representations allegedly made from "at least early 2015 until at least October 2018"), ¶ 29 (concerning ACH withdrawals that allegedly impacted "thousands of" merchants "[s]ince at least 2015"), & Ex. I (historic advertisement dated in 2015). The FTC also made clear in its Statement of Issues Requiring Discovery in the parties' Joint 26(f) Report that the discovery it intended to seek would be broad and significant. Chuk Decl. Ex. 2 at 2–3. The FTC identified at least eight broad topics on which it would seek discovery, in addition to a wide-sweeping reference to "any other matters within the scope of Federal Rule of Civil Procedure 26(b)(1)." *Id.* The FTC's broadly worded identification of topics previewed for Defendants that discovery would likely be burdensome.

This likelihood came to pass on September 18, 2020, when the FTC propounded its First Set of Requests for Production of Documents to Defendants Yellowstone Capital LLC and Fundry LLC (hereinafter, "FTC's First Requests"). The FTC's First Requests contain 24 document requests, not including subparts, spanning a wide range of topics over more than a five-year period. *See* Chuk Decl. Ex. 3. The FTC's First Requests, coupled with the allegations of the Complaint and the FTC's identification of topics for discovery in the parties' Joint Rule 26(f) Report, make clear that the FTC seeks broad discovery, and that Defendants' burden in responding to such

---

[1] The FTC's claim that certain advertisements were false and misleading is based on out-of-context fragments from a handful of dated advertisements. The FTC's claim regarding the disclosure of up-front fees is likewise predicated on selective excerpts of language from a discontinued version of one of the corporate defendants' agreements, and ignores language on the very first page of the document that undermines the FTC's claim. The claim relating to withdrawals of installment payments ignores express language in which merchants authorized such withdrawals. Finally, the allegations as to the individual defendants are legal conclusions, not the required factual averments required to bring claims of individual liability.

discovery would be great. Notably, the FTC's First Requests seek documents not only from Yellowstone Capital, LLC and Fundry, LLC, but from all "agents" and "affiliates." *See id.* at 6–7 ¶ C. This would create a multiplier effect for the volume, burden, and complexity of the FTC's discovery requests (so far). In addition, numerous requests use the broadest possible language—"[a]ll Documents and Communications" concerning various topics—seeking to impose an open-ended burden on Defendants. *E.g., id.* at 10 (Request Nos. 12, 13, 16).

These wide-sweeping requests underscore the burden imposed on Defendants, and are similar in character to discovery which courts in this district have exercised discretion to stay pending disposition of motions to dismiss. *See Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (discovery that requested, *inter alia*, "all contracts" and "all documents and communications" concerning a certain topic was "broad and demand[ed] extensive responses," weighing in favor of a stay); *Negrete*, 2015 WL 8207466, at *1 (discovery was likely to be "significant in scope and expensive to comply with" where plaintiffs' first set of document requests featured "several broad categories" including "all documents" relating to several topics); *Johnson v. New York Univ. School of Edu.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (where discovery sought information "covering a span of more than five years," adjudication of pending motion to dismiss could obviate the need for burdensome discovery and a stay was appropriate).

The third and final factor—the "risk of unfair prejudice to the party opposing the stay"—also favors granting a short stay of discovery. *Negrete*, 2015 WL 8207466, at *1. A short stay of discovery would not impose prejudice on the FTC. The FTC already received extensive discovery from Defendants—over 24,000 pages of documents, more than 1400 audio recordings, and responses to numerous interrogatories and follow-up inquiries—during its nearly two-year pre-suit investigation. *See* Chuk Decl. Ex. 2 at 8. Defendants' requested stay of discovery is for a short period of time—until their motion to dismiss has been decided. The Defendants' motion could be dispositive, and "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially or unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Boelter*, 2016 WL 361554, at *5 (stay pending resolution of the defendant's motion to dismiss was "prudent" and would not prejudice plaintiff or unnecessarily delay the proceedings); *Integrated Sys.*, 2009 WL 2777076, at *1 (stay pending disposition of motion to dismiss would likely delay the commencement of discovery for "only a few months," therefore not prejudicing the plaintiff).

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery, including initial disclosures and Defendants' responses to the FTC's First Requests, pending disposition of Defendants' motion to dismiss the FTC's Complaint.

Respectfully submitted,

/s/ Christopher E. Ondeck
Christopher E. Ondeck

cc: Plaintiff's counsel (via ECF)

[Handwritten annotation: "Motion denied substantially for the reasons set forth by the FTC."]

SO ORDERED

LEWIS A. KAPLAN, USDJ    10/18/2020