**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YELLOWSTONE CAPITAL, LLC, a New York limited liability company,<br><br>FUNDRY, LLC, a New York limited liability company,<br><br>YITZHAK D. STERN, a/k/a Isaac Stern, individually and as an officer of Yellowstone Capital, LLC and Fundry, LLC, and<br><br>JEFFREY REECE, individually and as an officer of Yellowstone Capital, LLC and Fundry, LLC,<br><br>Defendants. | No. 1:20-CV-06023-LAK |

**DEFENDANTS YELLOWSTONE CAPITAL, LLC, FUNDRY, LLC, YITZHAK D. STERN AND JEFFREY REECE'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Yellowstone Capital, LLC ("Yellowstone"), Fundry, LLC ("Fundry," and together with Yellowstone, the "Corporate Defendants"), and Yitzhak D. Stern a/k/a Isaac Stern ("Stern") and Jeffrey Reece ("Reece," and together with Stern, the "Individual Defendants"), by and through their attorneys Proskauer Rose LLP and Venable LLP, hereby submit their Answer and Affirmative Defenses in response to the Complaint for Permanent Injunctive and Other Equitable Relief (the "Complaint") of Plaintiff, the Federal Trade Commission ("FTC"). To the extent any allegation is not expressly admitted in the Defendants' Answer, it is denied.

The Defendants now respond as follows:

**ANSWER**

1. Defendants admit that the FTC purports to have brought this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act") to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

2. This Paragraph contains conclusions of law to which Defendants are not required to plead.

3. This Paragraph contains conclusions of law to which Defendants are not required to plead.

4. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants admit that the FTC is an independent agency of the United States Government that was created by statute, and that it purports to enforce Section 5(a) of the FTC Act.

5. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

6. Defendants admit that Yellowstone is a New York limited liability company with its principal place of business at 1 Evertrust Plaza, Jersey City, New Jersey 07302; that until at least March 2016, Yellowstone's principal place of business was 160 Pearl Street, New York, New York 10005; that Yellowstone transacts or has transacted business in this District; that Yellowstone has offered merchant cash advances ("MCAs") to businesses; and that Yellowstone has, in the past, occasionally advertised or caused to be advertised its MCA offerings. To the extent a further

response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

7. Defendants admit that Fundry is a New York limited liability company with its principal place of business at 1 Evertrust Plaza, Jersey City, New Jersey 07302; that until at least March 2016, Fundry's principal place of business was 160 Pearl Street, New York, New York 10005; that Fundry transacts or has transacted business in this District; and that Fundry has offered merchant cash advances to businesses. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

8. Defendants admit that Stern is a founder and Chief Executive Officer of Yellowstone and Fundry. To the extent a further response is required, Defendants respond that this Paragraph contains conclusions of law to which Defendants are not required to plead. Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

9. Defendants admit that Reece is the President of Yellowstone and Fundry. To the extent a further response is required, Defendants respond that this Paragraph contains conclusions of law to which Defendants are not required to plead. Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

10. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

11. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

12. Defendants admit that the Corporate Defendants have offered MCAs to merchants since at least 2015; that an MCA is a form of revenue-based financing available to, among others,

small businesses that are in need of prompt funding but which often cannot qualify for bank loans or traditional forms of financing; that an MCA is a discounted purchase of a merchant's future receivables to be repaid via installment payments based on a percentage of a merchant's incoming business receipts; and that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed.  To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

13.   Defendants admit that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed.  To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

14.   This Paragraph contains conclusions of law to which Defendants are not required to plead.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

15.   Defendants admit that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed.  To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

16.   Defendants admit that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed through various media.  Defendants refer to the referenced websites and to Exhibits A–G to the Complaint for their contents and aver that Plaintiff has not provided adequate context for the cited quotations.  To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

17.   Defendants admit that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed through various media.  Defendants refer to Exhibit H to the Complaint for its contents and aver that Plaintiff has not provided adequate context for the

cited quotations. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

18. Defendants admit that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed through various media. Defendants refer to Exhibit I to the Complaint for its contents and aver that Plaintiff has not provided adequate context for the cited quotation. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

19. Defendants admit that MCAs offered by the Corporate Defendants include provisions regarding personal guarantees of performance and collateral. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

20. Defendants admit that, at times, the Corporate Defendants have initiated legal proceedings regarding merchants' failure to meet obligations in connection with MCAs, and that MCAs offered by the Corporate Defendants have, in the past, occasionally been advertised or marketed. Defendants further admit that, at various times, the Individual Defendants may have occasionally seen advertisements. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

21. Defendants admit that each MCA offered by the Corporate Defendants is governed by an agreement signed by the merchant. Defendants refer to those MCA agreements for a complete and accurate statement of their terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

22. Defendants admit that the agreement attached to the Complaint as Exhibit J was not used after October 2018. Defendants refer to Exhibit J for a full and complete statement of its terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

23. Defendants refer to the agreement attached to the Complaint as Exhibit J for a full and complete statement of its terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

24. Defendants refer to the agreement attached to the Complaint as Exhibit J for a full and complete statement of its terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

25. Defendants refer to the Corporate Defendants' MCA agreements with merchants for a full and complete statement of their terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

26. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

27. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

28. Defendants refer to the Corporate Defendants' MCA agreements with merchants for a full and complete statement of their terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

29. Defendants deny all allegations in this Paragraph.

30. Defendants admit that certain ACH withdrawal systems used by the Corporate Defendants incorporate a multi-day delay from when a payment is debited from a merchant's account and when the payment is received by the Corporate Defendants. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

31. Defendants admit that certain ACH withdrawal systems used by the Corporate Defendants incorporate a multi-day delay from when a payment is debited from a merchant's account and when the payment is received by the Corporate Defendants. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph except for those specifically and expressly admitted.

32. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

33. Defendants refer to the referenced communications for a full and complete statement of their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

34. Defendants refer to the referenced communications for their contents. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

35. Defendants deny all allegations in this Paragraph.

36. Defendants deny all allegations in this Paragraph.

37. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

38. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

39. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

40. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Count I**

41. Defendants deny the allegations in this Paragraph.

42. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

43. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Count II**

44. Defendants refer to the Corporate Defendants' MCA agreements with merchants for a full and complete statement of their terms. To the extent a further response is required, Defendants deny all allegations in this Paragraph.

45. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

46. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**Count III**

47. Defendants deny the allegations in this Paragraph.

48. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

49. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

50. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

51. This Paragraph contains conclusions of law to which Defendants are not required to plead. To the extent a response is required, Defendants deny the allegations in this Paragraph.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Defendants assert the following affirmative defenses:

1. The FTC lacks authority to bring the present action under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), because the FTC lacks a factual basis to believe the Defendants are violating or are about to violate a law enforced by the FTC.

2. The Court lacks subject matter jurisdiction over the present action because the FTC lacks a factual basis to believe the Defendants are violating or are about to violate a law enforced by the FTC under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

3. Defendants' acts and statements were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants. Defendants acted with a good faith belief that it had good cause and/or legitimate business reasons to act as it did and did not directly

or indirectly perform any acts that would constitute a violation of consumers' rights. As a consequence, the FTC is not entitled to any monetary or injunctive relief.

4. The actions of the FTC deprived Defendants of the procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

5. The FTC's claims violate Defendants' right to communicate truthful commercial speech guaranteed by the First Amendment to the United States Constitution.

6. The FTC's claims are barred because, to the extent that any illegal, deceptive or unfair acts or practices occurred, such acts or practices were committed by third parties without the knowledge, control or consent of Defendants.

7. The FTC has failed to state a claim upon which relief may be granted, in whole or in part.

8. Counts I and II of the Complaint fail to state a claim because the alleged misrepresentations would not have misled a reasonable consumer.

9. Counts I and II of the Complaint fail to state a claim because the alleged misrepresentations were not material.

10. Count III of the Complaint is barred because the unauthorized withdrawals alleged in the Complaint were authorized.

11. Count III of the Complaint is barred because any alleged injury to consumers was reasonably avoidable by consumers themselves and/or because the consumers failed to take reasonable steps to mitigate their injury, if any.

12. Count III of the Complaint is barred because any alleged injury to consumers is outweighed by consumer benefits.

13. The FTC's claims against the Individual Defendants are barred because the Individual Defendants did not participate in, lacked authority to control, and lacked knowledge of, any illegal, deceptive or unfair acts or practices.

14. The claims in the Complaint are barred because consumers have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

15. The FTC is not authorized to seek monetary remedies pursuant to Section 13(b) of the FTC Act.

16. The FTC is not authorized to seek disgorgement, restitution, or any monetary remedy that is penal, as opposed to equitable in nature. *Liu v. SEC*, 140 S. Ct. 1936 (2020).

17. If the FTC is authorized to obtain monetary remedies under Section 13(b), the FTC is limited by the five-year statute of limitations in 28 U.S.C. § 2462. This statute states that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued." 28 U.S.C. § 2462. In *Kokesh v. Securities and Exchange Commission*, the United States Supreme Court held that disgorgement sought by the Securities and Exchange Commission constituted a "penalty," and was therefore subject to the five-year statute of limitations. For similar reasons, the FTC's demand for restitution is a "penalty," and "forfeiture" subject to § 2462's limit. The FTC filed this suit on August 3, 2020, so even if restitution is an appropriate form of relief, which Defendants deny, the FTC cannot recover restitution for the period prior to August 3, 2015.

18. The FTC's requested monetary relief, if any, is subject to offset by any refunds paid to consumers and other benefits obtained by consumers.

19. The FTC's claim for injunctive relief is barred as moot because the allegedly deceptive or unfair practices, if any, have ceased and are not likely to recur.

20. The FTC's claims are barred, in whole or in part, by the applicable statutes of limitations.

Defendants reserve the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court enter judgment in its favor and enter an order:

A. Dismissing the FTC's claims with prejudice;

B. Denying all relief requested in the Complaint by the FTC;

C. Awarding Defendants costs of suit, including reasonable attorneys' fees; and

D. Awarding Defendants such other relief as the Court may deem just and proper.

//

//

//

Dated: November 13, 2020

PROSKAUER ROSE LLP

By: _/s/ Christopher E. Ondeck____________
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
Tel.: (202) 416-6800
condeck@proskauer.com
schuk@proskauer.com

David A. Picon
Tiffany M. Woo
Eleven Times Square
New York, NY 10036-8299
Tel.: (212) 969-3000
dpicon@proskauer.com
twoo@proskauer.com

*Attorneys for Defendants*

VENABLE LLP

By: _/s/ Leonard L. Gordon______________
Leonard L. Gordon
Deborah Bessner
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, NY 10020
Tel.: (212) 307-5500
lgordon@venable.com
dbessner@venable.com

Mary M. Gardner
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel.: (202) 344-4000
mmgardner@venable.com

*Attorneys for Yitzhak D. Stern a/k/a Isaac Stern and Jeffrey Reece*